Zvi "Hershy" Silver (SBN 234855)
SILVER & SILVER APC
600 West Broadway, Suite 1520
San Diego, CA 92101
Tel:  (619) 231-1600
Fax: (619) 231-1616
Email: lsilver@silverlawfirm.com

David Palace (SBN 226536)
LAW OFFICES OF DAVID PALACE
383 Kingston Ave #113
Brooklyn, NY 11213
Tel:  (347) 651-1077
Fax: (347) 464-0012
Email: Davidpalace@gmail.com
*Attorneys for Defendant*

Randall D. Haimovici (SBN 213635)
Ina D Chang (SBN 240784)
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, CA 94104
Tel: (415) 544-1900
Fax: (415) 391-0281
Email: rhaimovici@shb.com
         ichang@shb.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA,<br><br>Plaintiff,<br>v.<br><br>SACRAMENTO OVERNIGHT, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. 8:13-cv-00583-JVS-JPR<br><br>STIPULATED PROTECTIVE ORDER |

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

### Definitions

For purposes of this Protective Order, the following definitions shall apply:

1. "Attorneys" means counsel of record.

2. "Documents" are all materials within the scope of Fed. R. Civ. P. 34.

3. "Confidential" documents are documents designated pursuant to paragraph 9.

4. "Confidential - Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 14-15.

5. "Trade Secret" shall include (a) information, documents, or materials not in the public domain that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury, or (b) matters that constitute or contain trade secrets pursuant to the applicable law of the state of California.

6. "Confidential Information" shall mean and include information which the designating parties deem to constitute trade secrets, proprietary data, and/or other confidential business information (including, but not limited to, nonpublic financial information).

7. "Information" shall include, but not be limited to, written, oral, or visual data (in whatever form maintained).

### Confidential Information

9   Any party to this action or other person who produces or supplies information, documents, or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document, or material that it reasonably and in good faith believes constitutes or contains Trade Secret information, other confidential information, or is otherwise protectable under applicable law.

10. The designation "Confidential" shall be made by affixing, whether electronically or otherwise, on the document or material containing such information, and upon each page so designated if practicable, the word "Confidential."

11. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 12 Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

12. Confidential Information shall not be disclosed other than as expressly authorized in this Protective Order and may be disclosed only to:

(a)   the Court and its officers;

(b)   Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

(c)   persons shown on the face of the document to have authored or received it;

(d)   court reporters retained to transcribe testimony;

(e)   the parties; and

(f)   outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

13. Any person to whom Confidential Information may be disclosed pursuant to paragraph 12 hereof, except this Court and its personnel, first shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A. Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment until at least twenty

1  (20) days after a judgment entered in this action becomes final and unappealable, or
2  twenty (20) days after the voluntary or involuntary dismissal of this action with
3  prejudice as to all defendants, whichever is later, and shall provide a copy of the signed
4  acknowledgement to the Designating Party upon request.

5       14.   The parties shall have the right to further designate Confidential documents
6  or portions of documents as "Confidential - Attorneys' Eyes Only."  Disclosure of such
7  information shall be limited to the persons designated in paragraphs 12(a), (b), (c), (d),
8  and (f).

9       15.   Third parties producing documents in the course of this action may also
10 designate documents as "Confidential" or "Confidential - Attorneys' Eyes Only",
11 subject to the same protections and constraints as the parties to the action.  A copy of the
12 Protective Order shall be served along with any subpoena served in connection with this
13 action.  All documents produced by such third parties shall be treated as "Confidential -
14 Attorneys' Eyes Only" for a period of 14 days from the date of their production, and
15 during that period any party may designate such documents as "Confidential" or
16 "Confidential - Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

17      16.   All depositions or portions of depositions taken in this action that contain
18 trade secret or other confidential information may be designated "Confidential" or
19 "Confidential - Attorneys' Eyes Only" and thereby obtain the protections accorded other
20 "Confidential" or "Confidential - Attorneys' Eyes Only" documents.  Confidentiality
21 designations for depositions shall be made either on the record or by written notice to the
22 other party within 14 days of receipt of the transcript.  Unless otherwise agreed,
23 depositions shall be treated as "Confidential - Attorneys' Eyes Only" during the 14-day
24 period following receipt of the transcript.  The deposition of any witness (or any portion
25 of such deposition) that encompasses Confidential information shall be taken only in the
26 presence of persons who are qualified to have access to such information.

27 **General Provisions**

28      17.   Any party who inadvertently fails to identify documents as "Confidential"

or "Confidential - Attorneys' Eyes Only" shall have 14 days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents.  Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

18.   Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 14 days of receiving such a written request.  The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

19.   If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Central District of California and Local Rule 79-5.  Prior to disclosure at trial or a hearing of materials or information designated  "Confidential" or "Confidential - Attorneys' Eyes Only", the parties may seek further protections against public disclosure from the Court.

20.   Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential - Attorneys' Eyes Only".  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief pursuant to Local Rule 37-1 and 37-2, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential - Attorneys' Eyes Only" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

21. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction as within the 60-day period.  Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

22. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

23. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

24. The obligations imposed by the Protective Order shall survive the termination of this action.

STIPULATED TO

Dated: March 27, 2014                    SHOOK, HARDY & BACON L.L.P.

                                         By: /s/  *Ina D. Chang*_____
                                              INA D. CHANG

Attorneys for Plaintiff National Union Fire Insurance Company of Pittsburgh, PA

LAW OFFICES OF DAVID PALACE

By: /s/ *David Palace*_____
    DAVID PALACE

Attorneys for Defendant Sacramento Overnight, Inc.

Dated: April 07, 2014

_____

Jean P. Rosenbluth

U.S. Magistrate Judge

-7-

PROTECTIVE ORDER
CASE NO. 8:13-cv-00583-JVS-JPR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at _____in the city of _____ , county _____ , state of _____ ;

I am currently employed by _____ located at _____and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____ , filed in Civil Action No. _____, pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential - Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential - Attorneys' Eyes Only", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____

             (Date)                                 (Signature)